UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-09312-MWF (SK) | Date | February 5, 2018 |
|---|---|---|---|
| Title | Sirrell Darnell Murray v. M.E. Spearman, Warden | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|

| Connie Lee | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: MIXED PETITION AND TIMELINESS**

On June 2, 2017, Petitioner constructively filed a Petition under 28 U.S.C. § 2254 that raises seven claims. (ECF No. 1). But on the face of the Petition, two claims—that the trial court erred in issuing CALCRIM 361 and abused its discretion in denying his *Romero* motion—have yet to be exhausted in state court. Federal courts may not grant habeas relief to a petitioner held in state custody unless the petitioner has exhausted available state court remedies as to each claim presented in the federal petition. *See* 28 U.S.C. § 2254(b)(1)(A). If a federal petition contains both exhausted and unexhausted claims, it is deemed a mixed petition subject to immediate dismissal unless the unexhausted claims are removed or, with leave of court, an amended petition is filed after all claims have been fully exhausted. *See Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014).

The Petition is substantively identical to Petitioner's February 2017 petition that was previously dismissed on May 9, 2017 as a mixed petition in related Case No. 2:17-cv-01604. In that case, instead of either deleting his unexhausted claims or seeking a stay so that he could exhaust in state court and then file an amended—and fully-exhausted—petition, Petitioner maintained the counter-factual position that his petition was fully exhausted. He then needlessly sought permission from the Ninth Circuit Court of Appeals to file a second or successive petition. But in the meantime, there is no indication that Petitioner did the one thing he had to do: exhaust his two unexhausted claims in California state court. (*See* Order Dismissing Mixed Petition, ECF No. 6, Case No. 2:17-cv-01604).

Moreover, since February 2017, when Petitioner filed his first mixed petition in federal court, almost another full year has passed. It is therefore almost certain that the one-year federal statute of limitations has lapsed. *See* 28 U.S.C. § 2244(d). The AEDPA statute of limitations is not tolled under § 2244(d) for the period during which a § 2254 petition is pending in federal court. *See Duncan v. Walker*, 533 U.S. 167, 121 (2001). Although the Ninth Circuit permitted Petitioner to refile the Petition, it "express[ed] no opinion as to the merits of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:17-cv-09312-MWF (SK) | Date | February 5, 2018 |
|---|---|---|---|
| Title | Sirrell Darnell Murray v. M.E. Spearman, Warden | | |

[Petitioner's] claims or whether the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254 are satisfied." (ECF No. 1).

Therefore, Petitioner is ORDERED TO SHOW CAUSE **on or before March 7, 2018** why the Court should not dismiss the Petition for lack of exhaustion and/or untimeliness under 28 U.S.C. §§ 2244(d) and 2254. Even if Petitioner elects to delete the two unexhausted claims and wishes to proceed on the remaining five exhausted claims, Petitioner must still show cause why the entire Petition—regardless of exhaustion—should not be independently dismissed as untimely. It is Petitioner's burden to establish that any statutory or equitable tolling applies or that a later accrual date should be used for purposes of calculating the limitations period. *See* 28 U.S.C. § 2244(d); *Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012).

**If Petitioner does not file a timely response to this Order to Show Cause, Petitioner is advised that the Court will recommend dismissal of the Petition for failure to prosecute or obey court orders.** *See* Fed. R. Civ. P 41(b); L.R. 41-1.

**If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a) by filing a "Notice of Dismissal."** The Clerk is directed to provide Petitioner with a Notice of Voluntary Dismissal Form CV-009.

**If Petitioner wishes to seek leave of Court to file an amended petition, he must do so by separate motion and attach a proposed amended petition, complete in itself without reference to any other document, using the district court's approved habeas petition form.** The Clerk is directed to provide Petitioner with a blank Form CV-69 ("Petition for Writ of Habeas Corpus by a Person in State Custody").